RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

               *Plaintiff-Appellee,*

    *v.*

IVORY DEAN PERDUE,

               *Defendant-Appellant.*

No. 08-4358

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 99-00334-001—James S. Gwin, District Judge.

Submitted: May 19, 2009

Decided and Filed: July 14, 2009

Before: GILMAN, COOK, and FARRIS, Circuit Judges.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** Andy P. Hart, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Blas E. Serrano, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

    RONALD LEE GILMAN, Circuit Judge. Ivory Dean Perdue pled guilty to one count of possessing crack cocaine with the intent to distribute the drug. He was sentenced to 151 months' imprisonment in April 2000. While Perdue was in prison, the U.S. Sentencing Commission amended the Sentencing Guidelines, effectively lowering

---

    [*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

the sentencing ranges that applied to most offenses involving crack cocaine. Perdue filed a motion for a reduction of sentence, arguing that he was entitled to relief based upon the amendment. He now appeals the district court's denial of that motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

The facts in this case are not in dispute. In November 1999, a federal grand jury returned a superseding indictment charging Perdue with three counts of possessing crack cocaine with the intent to distribute the drug, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Perdue pled guilty to one of those counts. In exchange for the plea, the government dismissed the two remaining counts and further agreed to request a downward departure in his sentence based upon Perdue's cooperation and acceptance of responsibility.

The district court relied on the Presentence Report (PSR) in determining Perdue's applicable sentencing range under the United States Sentencing Guidelines. Perdue's base offense level for the instant offense was 32 under § 2D1.1 of the Guidelines. But because he had previously been convicted of two aggravated drug-trafficking offenses, Perdue was deemed a career offender under U.S.S.G. § 4B1.1. This caused Perdue to have an adjusted offense level of 37, with an accompanying criminal history category of VI. The PSR then recommended a three-level reduction because Perdue accepted responsibility for his offense, yielding a net offense level of 34. *See* U.S.S.G. § 3E1.1.

At sentencing, the court adopted the PSR's findings and further granted the government's motion for an additional five-level downward departure based upon Perdue's having provided substantial assistance to the government. *See* U.S.S.G. § 5K1.1. Perdue's final offense level was thus reduced from 34 to 29, with his criminal history category remaining at VI. The resulting Guidelines range was 151 to 188 months' imprisonment. In April 2000, Perdue was sentenced at the bottom of the range (151 months).

While Perdue was in prison, the Sentencing Commission adopted Amendment 706 to the Guidelines, effective November 1, 2007. The retroactively applicable amendment reduced the base offense levels in U.S.S.G.§ 2D1.1 for the unlawful possession of all but the largest quantities of crack cocaine.

Perdue has invoked Amendment 706 in an effort to reduce his sentence. He filed a motion in the district court pursuant to 18 U.S.C. § 3582(c)(2), which permits district courts to modify certain terms of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." The government opposed the motion, arguing that the changes wrought by Amendment 706 to U.S.S.G. § 2D1.1 do not apply to Perdue, who was instead sentenced under the career-offender Guidelines set forth in U.S.S.G. § 4B1.1. Agreeing with the government, the court denied Perdue's motion in September 2008. He has timely appealed.

## II.  ANALYSIS

### A.       Standard of review

A district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is reviewed under the abuse-of-discretion standard. *United States v. Wayne Carter*, 500 F.3d 486, 490 (6th Cir. 2007). This court has explained that "[a] district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Larry W. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (citation and internal quotation marks omitted).

### B.       Statutory background

A district court may modify a defendant's sentence only as provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). Congress has given district courts the discretion to reduce a sentence based upon a change in the Guidelines affecting a defendant's sentencing range under the following circumstances:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In § 1B1.10 of the Guidelines, the Sentencing Commission has identified those amendments that may be applied retroactively and has also articulated the proper procedures for implementing such amendments in cases already concluded. The Commission issued a revised version of § 1B1.10 in December 2007 that emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), which became effective on March 3, 2008, provides in pertinent part as follows:

(1)    *In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)    *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A)    None of the amendments listed in subsection [§ 1B1.10](c) is applicable to the defendant; or

(B)    An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (amended Dec. 11, 2007). In addition, § 1B1.10 states that "the court shall substitute only the amendments listed in subsection (c) for the corresponding

guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).

The amendment in question in this case is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses. Amendment 706 was further amended by the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.  The crack-cocaine amendment is one of the amendments listed in § 1B1.10(c) as having retroactive effect. *See* U.S.S.G. § 1B1.10(c).

**C.     Application of Amendment 706 to Perdue**

Two recent cases from this court have discussed whether Amendment 706 applies to defendants who have been sentenced under the career-offender Guidelines set forth in U.S.S.G. § 4B1.1.  The defendant in the first such case, *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008), argued that the sentence imposed by the district court was procedurally unreasonable.  In particular, the defendant asserted that the court failed to take into account the relatively harsh sentences received by individuals who, like himself, had been convicted of crack-based offenses as compared to those convicted of offenses involving powder cocaine.  *Id.* at 824.  Although the defendant did not explicitly seek a reduced sentence on the basis of Amendment 706, this court opined that he could not seek relief under that amendment because "the sentencing range applied to his case is derived exclusively from the Guidelines' unamended career-offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1."  *Id.* at 825.

The other recent case on point, *United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at *7 (6th Cir. June 3, 2009), also held that Amendment 706 offers no relief to those defendants who have been sentenced as career offenders.  Leasure had argued that his sentence should have been reduced because Amendment 706 lowered the base offense level for crack cocaine by two levels.  This court rejected that argument, observing that a reduction under 18 U.S.C. § 3582(c)(2) applies only "if the defendant was sentenced under the provision that was amended," and that Leasure could not invoke

the Amendment 706 because his offense level was "calculated pursuant to the unchanged career offender provision." *Id.*

Additional authority from our sister circuits bolsters the view that a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender. *See, e.g.*, *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("In enacting [§ 3582(c)(2)], Congress spoke with unmistakable clarity:  before a district court can consider a sentence modification thereunder, it must satisfy itself that the original sentence was '*based on* a sentencing range that has subsequently been lowered.'") (emphasis in original); *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009) ("Because Amendment 706 does not lower [the defendant's] sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)(2)."); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (same); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (same).

Despite the foregoing authority, Perdue contends that the district court erred in denying his request for a reduction in sentence.  But he does not contest his designation as a career offender.  Nor does he deny that his career-offender status was correctly determined.  Instead, Perdue argues that the district court erroneously assumed that U.S.S.G. § 1B1.10(a) prevented the court from granting his motion for a reduction in sentence.  That assumption is false, according to Perdue, because *Booker* rendered all of the Guidelines, including U.S.S.G. § 1B1.10(a), advisory and therefore nonbinding. He further asserts that the advisory nature of the Guidelines means that the court had the power to further reduce his sentence based upon Amendment 706.

This argument, however, is without merit.  Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).  As ably explained by the court below:

> [t]he language of § 3582(c)(2) favors the government's interpretation. By its terms, *the statute* applies to a defendant whose sentence was

> "based on" a subsequently-lowered "sentencing range." Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1. The alternative base offense level under § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.

(Emphasis added.)

In sum, we agree with *Alexander*, *Leasure*, and the analyses of our sister circuits. Because Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, the district court did not err in declining to grant his motion for a reduction in sentence. Nor did the district court err by holding that it was constrained by federal statute, not solely by the Guidelines, when it denied Perdue's motion.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.