NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0700n.06

**No. 08-5666**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 28, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| ARTAVUS KELLY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge. Defendant Artavus Kelly appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Kelly pled guilty to a crack cocaine offense in 2004 pursuant to a written plea agreement. Kelly alleges that he is entitled to a sentence reduction because the district court relied on the now-amended crack provision of the Sentencing Guidelines when it determined his base offense level and initial Guideline range. However, because Kelly's ultimate sentencing range was based on the career offender provision of the Guidelines, not the crack provision, he is not entitled to a sentence reduction.

In 2004, Kelly pled guilty to possession with intent to distribute 50 grams or more of crack cocaine – his third drug felony conviction – pursuant to a written plea agreement. In that agreement, Kelly acknowledged that he was a career offender under the Guidelines. The Government agreed not to file an enhancement that would expose Kelly to a mandatory life sentence, and the parties

agreed to jointly recommend a downward departure to a final sentence of 168 months in prison if the Government filed a substantial assistance motion.[1]

The district court relied on the Presentence Report, prepared using the 2003 edition of the Guidelines, in determining Kelly's Guideline sentencing range. Kelly's base offense level was 34 due to the amount of cocaine base involved in the offense. Because Kelly was over 18 and had two previous felony drug convictions, he was a career offender under the Guidelines, yielding an adjusted offense level of 37 and a criminal history category of VI. Kelly received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. Kelly's ultimate Guideline sentencing range was 262 to 327 months. The Government moved for a downward departure based on Kelly's substantial assistance, and the district court granted that motion and sentenced Kelly to 168 months in prison.

While Kelly was in prison, the Sentencing Commission adopted a retroactive amendment, effective November 1, 2007, that reduced the base offense levels for unlawful possession of most crack cocaine quantities. Kelly then moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court denied Kelly's motion, finding that "[t]he change to the crack sentencing guideline does not make [Kelly] eligible for a lower sentence because his original sentencing range was based on the sentencing guideline for career offenders, rather than the crack sentencing guideline." Kelly now appeals.

---

[1]In the plea agreement, the parties agreed to jointly recommend a sentence of 15 years in prison. Because Kelly provided more assistance than the Government had anticipated, the parties later agreed to recommend a sentence of 14 years (168 months) in prison.

Kelly is not eligible for a sentence reduction because his applicable sentencing range was based on the career offender provision of the Guidelines, not the crack provision. A district court may grant a sentence reduction only if the "defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). A crack cocaine defendant whose ultimate sentencing range is based on the career offender provision of the guidelines is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because, by its terms, § 3582(c)(2) only applies to defendants whose ultimate sentencing range is subsequently lowered. *United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009). Because Kelly's sentencing range was based in the end on the career offender provision of the Guidelines, not the crack cocaine provision, the amendment did not lower Kelly's sentencing range and Kelly is not eligible for a sentence reduction. Accordingly, the judgment of the district court is affirmed.