NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0753n.06
No. 08-4317

**FILED**
**Dec 01, 2009**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| WILLIS PROVITT, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before:  BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.**

**PER CURIAM.**  In this criminal case, Willis Provitt appeals from a district court order

denying his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2).  He was sentenced

in October 2005 to 250 months of imprisonment as a career offender, which is 10 months more than

the statutory minimum for his drug offenses.  *See* 21 U.S.C. § 841(b)(1)(A).  Provitt's motion is

based on Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.), which—together

with Amendment 713—retroactively reduces by two points the base offense levels applicable to

cocaine base (crack) offenses.  The district court denied Provitt's motion, concluding that

"Defendant was sentenced as a career offender.  He is therefore ineligible for a reduction under the

new retroactive crack sentencing guidelines."

On appeal, Provitt argues that the district court erroneously concluded that career offenders

are ineligible for sentence reductions under 18 U.S.C. § 3582(c)(2).  In the alternative, Provitt claims

that he was not sentenced as a career offender because the district court granted a four-level downward adjustment in his offense level.

We find no merit to either of Provitt's arguments. In *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), this court determined that a criminal defendant who is sentenced as a career offender under U.S.S.G. § 4B1.1 is ineligible for a sentence reduction based on Amendment 706. *Id.* at 292-93. The defendant in *Perdue* had received a three-level reduction for acceptance of responsibility and a five-level downward departure for substantial assistance to the government, but nevertheless was ineligible for a reduction because his offense level was based on the career-offender Guidelines provision. *Id.* at 290, 292-93. In reaching the applicable Guidelines range, the sentencing court initially calculated the relevant offense level under the U.S.S.G. § 2D1.1 drug-quantities table. But because the defendant was a career offender, the district court in *Perdue* applied the higher offense level found in the U.S.S.G. § 4B1.1 career-offender table. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

We affirmed the district court's denial of Perdue's 18 U.S.C. § 3582(c)(2) motion because his applicable Guidelines range was not changed by Amendment 706. *Perdue*, 572 F.3d at 292-93 ("The alternative base offense level under [U.S.S.G.] § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, [U.S.S.G.] § 4B1.1. Thus, Amendment 706's effect on the defendant['s] base offense level[] would not lower the sentencing range[] upon which [his] sentence[] [was] based." (quoting the lower court)).

Similarly, in the present case, the district court determined that Provitt was a career offender. The court gave Provitt a three-level reduction for acceptance of responsibility and a one-level

reduction pursuant to the agreement of the parties. These offense-level reductions, however, did not render Provitt's career-offender designation inapplicable. Rather, "the sentencing range applied to his case is derived exclusively from the Guidelines' unamended career-offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1." *See id.* at 292 (quoting *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008)). *Perdue* is therefore directly on point and forecloses Provitt's arguments.

Accordingly, we **AFFIRM** the judgment of the district court.