NOT FOR FULL-TEXT PUBLICATION
File Name: 10a0013n.06

No. 08-4126

**FILED**

**Jan 06, 2010**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                                  **ON APPEAL FROM THE**

v.                            **UNITED STATES DISTRICT
COURT FOR THE NORTHERN**

MIKE STUBBS,                 **DISTRICT OF OHIO**

        Defendant-Appellant.

_____/

BEFORE:    SUHRHEINRICH, McKEAGUE and KETHLEDGE; Circuit Judges.

**PER CURIAM**.  Defendant Michael Stubbs appeals from the order and judgment of the district court denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).  Stubbs's motion is based on Amendment 706 to the United States Sentencing Guidelines, which, in conjunction with Amendment 713, retroactively reduces by two points base offense levels applicable to crack cocaine offenses.  The district court denied Stubbs's motion on the grounds that Stubbs was sentenced as a career offender and was thus ineligible for relief.  We **AFFIRM**.

On February 6, 2002, Stubbs was indicted in a 39-count indictment charging Stubbs and 39 codefendants with conspiring to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count 1); and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 20, 22, 25, and 33).  On April 11, 2002, Stubbs pleaded guilty to Count 1, pursuant to a written plea agreement, and the remaining counts were dismissed.

The amount of cocaine base in Count 1 was stipulated by plea agreement as 5 to 20 grams. At the time of sentencing, U.S.S.G. § 2D1.1 set the base offense level at 26 with a criminal history category of VI (210 to 262 months). However, consistent with the plea agreement and the presentence report's findings, the district court determined that Stubbs was a career offender under U.S.S.G. § 4B1.1, resulting in an adjusted offense level of 37 and criminal history category VI (360 months to life). Upon the Government's motion under U.S.S.G. §§ 3 E1.1. and 5K1.1, the court calculated Stubbs's total offense level at 28, with a resulting Guidelines range of 140-175 months. On August 19, 2002, the district court sentenced Stubbs to 140 months' imprisonment, followed by four years of supervised release. On July 25, 2008, Stubbs filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied Stubbs's motion.

Stubbs argues on appeal that post-*Booker*[1] all guidelines provisions including career offender status are discretionary. This argument is foreclosed by the recent decision of *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), *reh'g and reh'g en banc denied,* September 22, 2009, which holds that defendants who are sentenced as career offenders are ineligible for sentence modifications based on Amendment 706. *See Perdue*, 572 F.3d at 290.[2]

---

[1]*United States v. Booker*, 543 U.S. 220 (2005).

[2]In *Perdue* we rejected the very argument Stubbs makes in this case:

Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence [post-Booker], *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).

*United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009).

Stubbs argues in the alternative that he was not sentenced within the career offender guideline because the district court granted him a nine-level downward departure below the range set by § 4B1.1, placing him outside the intended limits of § 1B1.10 and thus rendering him eligible for modification of sentence under 18 U.S.C. § 3582. We recently rejected a virtually identical argument in an unpublished decision applying *Perdue*: "The 5K1.1 departure, however, did not change the fact that [Stubbs] was sentenced based on his career offender status--not the amended § 2D1.1 provision." *United States v. Lockett*, No. 08-4259, 2009 WL 2445733, at *1 (6th Cir. Aug. 10, 2009). *See also United States v. Moore*, 541 F.3d 1323, 1329-30 (11th Cir. 2008) (rejecting the argument that downward departure meant that the sentence was not based on the career offender guidelines; relied on by *Lockett* court), *cert. denied*, 129 S. Ct. 1601 (2009) (No. 08-8554). It should also be noted that, although the *Perdue* court did not separately address the argument, the district court in that case also granted the defendant both a three-level reduction based on acceptance of responsibility under U.S.S.G. § 3E1.1, and a five-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. *See Perdue*, 572 F.3d at 290.

Accordingly, the order of the district court is **AFFIRMED.**