NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0374n.06

No. 09-5366

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 21, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE  WESTERN DISTRICT OF |
| LARRY D. MOON, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GIBBONS, and GRIFFIN, Circuit Judges; and DOWD, District Judge.[*]

David D. Dowd, Jr.,  District Judge.

I.  INTRODUCTION

The appeal in this case challenges the district court's refusal to apply the provisions of the recently adopted Amendment 706 of the United States Sentencing Guidelines to his previously entered sentence of 360 months.[1]  The defendant-appellant, Larry Moon, contends that Amendment

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Initially, the defendant-appellant was sentenced to imprisonment for a term of life, but the Sixth Circuit found the evidence insufficient to sustain the conviction on the count that led to the life sentence and remanded for re-sentencing.  The defendant-appellant received a new sentence of 360 months.

1

706 provided authority for the district court to re-sentence him, pursuant to 18 U.S.C. § 3582(c)(2), to a lower sentence after giving a two level downward adjustment for the calculation of the offense level as the drug of abuse was crack cocaine. In this case, there is no dispute that the defendant's conduct for which he stands convicted involved crack cocaine.

However, the underlying critical issue is whether the defendant was denied application of Amendment 706 due to his career offender status. We review the district court's decision for abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009).

## II. ANALYSIS

The Sixth Circuit has repeatedly affirmed district courts which have refused to grant relief by virtue of Amendment 706 in those situations where the defendant was determined to be a career offender. *See Perdue*, 572 F.3d at 293.

This appeal was filed prior to *Perdue*. Consequently, the brief in support of the defendant-appellant Larry Moon raises many issues that are without merit against the backdrop of *Perdue*.

Nonetheless, the defendant-appellant Moon seeks reversal of the denial of relief pursuant to the provisions of Amendment 706 because the district court failed to find that he was a career offender at the time the district court denied Amendment 706 relief.

Before denying Moon Amendment 706 relief, the district court referred the issue to the probation department and received an extensive report which included a copy of the Presentence Investigation Report in the original case, i.e., case number 3:95CR-00030. That Presentence

2

Investigation Report listed a 1985 conviction for trafficking in a controlled substance described as one-half gram of cocaine; a 1986 conviction for trafficking under eight grams, listed as a misdemeanor; and a 1990 conviction for illegal possession of a controlled substance, described in the report as cocaine.[2]

Section 4B1.1 of the Sentencing Guidelines describes a career offender as:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Court now addresses the argument advanced on appeal before this court to the effect that the district court in denying Moon's application for relief under Amendment 706 failed to find that he was a career offender.

The district court denied Moon's motion for reduction of his sentence pursuant to Amendment 706 on March 26, 2009.

Its order denying relief stated in part as follows:

> The probation office prepared a memorandum of recalculation which included a recommendation that no reduction applied due to the defendant's status as a career offender under application of Section 4B1.1 of the Guidelines. In response, defense counsel filed 2 objections and requests a re-sentencing hearing. The Government did not object to the probation office's recommendation.

---

[2]The defendant's Presentence Report lists his date of birth as April 12, 1959, so at the time of his convictions, as above-described, the defendant was over 18 years of age.

3

First, defense counsel asserts the drug quantity attributable to the defendant at sentencing, and likewise contained in the memorandum of recalculation, is incorrect. Mr. Earhart states the 96 grams of crack cocaine associated with Count 4, which was vacated by the 6th Circuit Court of Appeals, should be removed from the drug quantity total, thus leaving the defendant accountable for a total of 89.43 grams of crack cocaine. Defense counsel argues this reduction in drug quantity would create a lower guideline range for imprisonment. However, this argument ignores the fact that Mr. Moon was sentenced as a career offender. The career offender enhancement, not the drug quantity, controls the ultimate guideline range for imprisonment in this case. In other words, even though the crack cocaine amendment reduces the defendant's base offense level for his drug convictions, it does not have the effect of lowering his ultimate guideline range for imprisonment because the sentencing range is controlled by Mr. Moon's status as a career offender under operation of Section 4B1.1 of the Guidelines. Further, the 6th Circuit Court of Appeal's decision to vacate the conviction as to Count 4 has no bearing on Mr. Moon's qualification as a career offender. Therefore, a reduction in sentence is not authorized under 18 USC 3582(c)(2). Additionally, at the re sentencing hearing neither party objected to the career offender enhancement outlined in the presentence report. (Emphasis added).

Defense counsel's second objection relates to the defendant's status as a career offender. The defendant maintains at the re- sentencing there was a not a factual finding that he was a career offender. Absent a specific finding, the defendant objects to being sentenced as a career offender. Mr. Earhart then encourages the Court to utilize guideline calculations absent the career offender enhancement, to include a reduction under the crack cocaine amendments. To the contrary, as evidenced in the Statement of Reasons for the re-sentencing hearing, the Court adopted the factual findings and guideline application contained in the presentence report except, the Court found that Mr. Moon did not qualify for an acceptance of responsibility reduction and determined that the maximum guideline fine amount was $12,000,000. As such, the Court adopted the career offender enhancement provided in the presentence report's guideline computations. Again, neither party objected to the career offender enhancement contained in the presentence report. This enhancement generated the total adjusted offense level of 37 (and criminal history VI) which in turn is the basis for the guideline range of imprisonment of 360 months to life. As such, the Court finds defense counsel's second objection without merit.

The transcript of the sentencing hearing conducted on September 24, 1999 following the remand from the Sixth Circuit includes a statement by Moon's counsel, Scott Cox, with respect to the sentencing considerations which included the following statement:

"... and two whether he warrants a downward departure for diminished mental capacity. I think those are the only two issues, and I do think Mr. Moon is a career offender based on the fact that this is a narcotics case that he stands convicted."

## III.  CONCLUSION

The entire record in this case is replete with determinations that Moon is a career offender. His Presentence Report supports that proposition. His counsel at re-sentencing conceded that point. The Presentence Report declares Moon to be a career offender and the district court so found in denying Moon's motion for an adjustment of the offense level based on Amendment 706.

The judgment of the district court is AFFIRMED.