NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0375n.06

No. 09-5347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 21, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE  WESTERN DISTRICT OF |
| BRIAN RICO CENTENO, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GIBBONS, and GRIFFIN, Circuit Judges; and DOWD, District Judge.[*]

**David D. Dowd, Jr., District Judge**.  Controversy surrounding the 100:1 ratio between crack cocaine and powder cocaine eventually resulted in the adoption of Amendment 706 to the United States Sentencing Guidelines by the U.S. Sentencing Commission made effective on November 1, 2007.[1]   Once again, this case requires the Court to re-examine whether those

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

[1]The amendment reduced the offense levels for crack cocaine by two levels, but did not change the 100-to-1 ratio with respect to crack cocaine versus powder cocaine.  The Sentencing Commission concluded its description of the amendment with the following language:

... The Commission's prison impact model predicts that, assuming no change in the existing statutory mandatory minimum penalties, this modification to the Drug Quantity Table will affect 69.7 percent of crack cocaine offenses sentenced under §2D1.1 and will result in a reduction in the estimated average sentence of all crack cocaine offenses from 121 months to 106 months, based on an analysis of cases

1

defendants previously determined to be career offenders are entitled to the benefits of Amendment 706. In this case, the district court, faced with the appellant's motion for relief from his sentence based upon Amendment 706, denied the relief. We affirm the denial based upon the following analysis.

## I. FACTUAL BACKGROUND

Centeno was indicted on May 7, 2002. He pled guilty to Counts 2, 3, 5 and 7. Count 2 charged the defendant with conspiring to possess with intent to distribute 500 grams or more of cocaine. In Count 3, he was charged with conspiring to possess with intent to distribute 50 or more grams of crack cocaine. Count 5 charged the defendant with aiding and abetting the possession of 138 grams of crack cocaine, and Count 7 charged the defendant with possession of 50 or more grams of crack cocaine with intent to distribute. The guilty plea was taken by a magistrate judge and approved by United States District Judge Thomas Russell on April 18, 2003. Initially, the defendant's sentencing hearing was scheduled for June 11, 2003. The sentencing hearing was repeatedly continued until February 14, 2005, when the defendant was sentenced to 210 months

sentenced in fiscal year 2006 under §2D1.1 involving crack cocaine.

Having concluded once again that the 100-to-1 drug quantity ratio should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative. Accordingly, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include the statutory mandatory minimum penalties for crack cocaine offenses. The Commission, however, views the amendment only as an interim solution to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems. Any comprehensive solution to the 100-to-1 drug quantity ratio requires appropriate legislative action by Congress.

based in part upon the decision of the district court judge to vary downward for substantial assistance without a recommendation from the U.S. Attorney.

The offense level was calculated to be 34, less three levels for acceptance of responsibility, but the defendant was a career offender, so the offense level went to 37 and criminal history at six, less three levels down for acceptance of responsibility to 34, with criminal history of VI for a range of 262 to 327 months.  Defense counsel filed for a downward departure.  As indicated above, the sentencing hearing had been repeatedly continued and the district court seemed surprised that the government had not moved for a downward departure for substantial assistance, but ultimately granted a variance on the basis of substantial assistance.  The fact of the granting of the downward variance for substantial assistance trumped what otherwise would have been the requirement of a sentence for at least 240 months.  The district court imposed concurrent sentences of 210 months.

## II.  THE DISTRICT COURT'S DENIAL OF APPELLANT'S MOTION FOR A DOWNWARD VARIANCE OF THE 210 MONTH SENTENCE

In denying the defendant Centeno's motion for a further adjustment downward from his sentence of 210 months by reason of Amendment 706, the district court  stated:

> Upon consideration, under 18 U.S.C. § 3582(c)(2) for a reduction in sentence due to the retroactive application of the crack cocaine amendments to the sentencing guidelines, and having no objections to the calculation, **IT IS ORDERED** that the motion is: **DENIED**.

> The probation office prepared a memorandum of recalculation which included a recommendation that no reduction applied due to the defendant's status as a career offender under application of Section 4B1.1 of the Guidelines.  The Court has reviewed 18 U.S.C. 3582(c)(2) as well as Section 1B1.10 of the Guidelines and

3

concurs with the probation office's position.  In this case, the crack cocaine amendment reduces the defendant's base offense level for his drug convictions, but is does not have the effect of lowering his ultimate guideline range for imprisonment because his sentencing range is controlled by his status as a career offender under operation of Section 4B1.1 of the Guidelines.  Therefore, a reduction in sentence is not authorized under 18 U.S.C. 3581(c)(2).  (Emphasis added).

Further, after reviewing the presentence report and having considered the original downward departure, as well as the factors outlined in 18 U.S.C. 3553(a), the Court is convinced that the original sentence of 210 months is a reasonable one and remains sufficient but not greater than necessary to satisfy the purposes of sentencing, particularly the need to provide just punishment, to protect the public, and serve as a deterrent.  (Emphasis added).

All aspects of the previously imposed Judgment shall remain in full force and effect.


III.  CENTENO'S RELIANCE ON THE SECOND CIRCUIT'S DECISION
IN *UNITED STATES v. MCGEE,* 553 F.3d 225 (2nd Cir. 2009)


In *McGee,* the Second Circuit approved application of Amendment 706 to a defendant who was initially determined to be a career offender.  However, the district court found, at the time of the original sentence, that the career offender designation overstated the defendant's career offender status and departed downward as to the defendant's criminal history.  The defendant was sentenced to a term of 115 months.  Then, with the adoption of Amendment 706, the defendant moved for a reduced sentence, which the district court denied.  On appeal, the Second Circuit concluded that the defendant was eligible for a reduced sentence as the career offender status was no longer applicable. The *McGee* court remanded with instructions for the district court to reconsider the defendant's motion based on Amendment 706.

4

Based on the downward departure from the career offender status, the Second Circuit concluded that the defendant had been sentenced on the crack cocaine guideline and was thus eligible, but not necessarily entitled, to a lesser sentence based on Amendment 706. The *McGee* holding is narrow and predicated on the fact that the original sentence turned on whether the defendant was to be considered as a career offender.

Counsel for the government argues that *McGee* is not applicable as there was no downward variance in Centeno's case comparable to the downward departure in the *McGee* case. The Court agrees with the government's analysis. The district court granted a downward departure for substantial assistance despite the absence of a government motion for a 5K1.1 departure. The government did not appeal the district court's downward variance. Here, however, the district court did not, as in *McGee*, determine that the career offender designation overstated the defendant's career offender status. As indicated by the recent decision of this Circuit in the case of *United States v. Perdue,* 572 F.3d 288 (6th Cir. 2009), a downward departure or variance for substantial assistance did not change or modify the finding that Centeno was a career offender.

IV.  THE BINDING PRECEDENT OF *UNITED STATES v. PERDUE*

While the Centeno appeal was waiting assignment, counsel for the government filed a notification of supplemental authority by reference to the published decision of the Sixth Circuit in *United States v. Perdue,* 572 F.3d 288 (6th Cir. 2009) which supports the government's reliance on the proposition that the provisions of 18 U.S.C. § 3582(c)(2), when considered in the context of §

1B1.10 of the Sentencing Guidelines, prevent the application of Amendment 706 to a defendant who was found to be a career offender.

A review of the facts in the *Perdue* case is appropriate. Perdue pled guilty to possessing crack cocaine with the intent to distribute the drug. In exchange for his plea, the government dismissed two remaining counts and moved for a downward departure based upon Perdue's cooperation. Because he was a career offender, Perdue initially had an adjusted offense level of 37 with the accompanying criminal history category VI. Perdue was granted a three level reduction for acceptance of responsibility and an additional downward departure of five levels for providing substantial assistance, so his final offense level was 29 with a criminal history category at VI, resulting in a guideline range of 151 to 188 months. Perdue was sentenced at the bottom of the range to 151 months. The district court denied Perdue's motion brought pursuant to Amendment 706 based on the determination that Perdue was not eligible for Amendment 706 consideration.

In affirming the district court, Judge Gilman, writing for an unanimous court, opined:

"... Perdue contends that the district court erred in denying his request for a reduction in sentence. But he does not contest his designation as a career offender. Nor does he deny that his career-offender status was correctly determined. Instead, Perdue argues that the district court erroneously assumed that U.S.S.G. § 1B1.10(a) prevented the court from granting his motion for a reduction in sentence. That assumption is false, according to Perdue, because *Booker* rendered all of the Guidelines, including U.S.S.G. § 1B1.10(a) advisory and therefore nonbinding. He further asserts that the advisory nature of the Guidelines means that the court had the power to further reduce his sentence based upon Amendment 706.

"This argument, however, is without merit. Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence, *Congress* may certainly cabin the court's discretion, and it does

6

so expressly in the text of 18 U.S.C. § 3582(c)(2).  As ably explained by the court below: [t]he language of § 3582(c)(2) favors the government's interpretation.  By its terms, *the statute* applies to a defendant whose sentence was "based on" a subsequently-lowered "sentencing range."  Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1.  The alternative base offense level under § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1.  Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based." (Emphasis added.)

" ....  Because Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, the district court did not err in declining to grant his motion for a reduction in sentence.  Nor did the district court err by holding that it was constrained by federal statute, not solely by the Guidelines, when it denied Perdue's motion."

572 F.3d at 292-93.

## V.  CONCLUSION

Based on the foregoing analysis, a defendant determined to be a career offender is ineligible to receive the benefits of Amendment 706.  The judgment of the district court denying application of Amendment 706 to reduce the sentence of Centeno is AFFIRMED.