NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0417n.06

No. 09-5393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 12, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SEAN SNIPES,

    Defendant-Appellant.

                                      /

On appeal from the United States District Court for the Eastern District of Tennessee

BEFORE:    MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

    RYAN, Circuit Judge.    The defendant, Sean Snipes, is appealing the district court's denial of a motion to reduce sentence. For the reasons below, we will affirm the judgment of the district court.

**I.**

    On May 19, 2003, Snipes pled guilty to Count 1 of an indictment charging him with conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Using the 2002 Sentencing Guidelines, the Probation Office issued a Presentence Investigation Report in which it determined that Snipes had a base offense level of 34, because his offense involved at least 150 grams but less than 500 grams of crack cocaine. The Probation Office also recommended that the offense level be reduced by three levels due to Snipes's acceptance of responsibility.

Snipes objected to the Presentence Investigation Report, arguing that it should include an additional reduction in the offense level because of Snipes's minor role in the conspiracy. The district court conducted an evidentiary hearing, and ruled that Snipes did have a minor role in the drug conspiracy and that he was entitled to the two-level reduction. At the close of the hearing, the district court imposed a sentence of 152 months' confinement, based on a guideline range of 151 to 188 months. This corresponded with a Criminal History Category of VI and a total offense level of 29 (base offense level 34 reduced by three levels for acceptance of responsibility and by two levels for minor role).

After the sentencing, but before the district court had issued a written judgment, Snipes filed a motion for reconsideration arguing that there was an error in the guideline calculation because the offense level should have been capped at level 30 pursuant to U.S.S.G. § 2D1.1(a)(3) due to Snipes's minor role. The court conducted a hearing and granted Snipes's motion for reconsideration. The court then imposed a sentence of 137 months, based on a guideline range of 110 to 137 months. This corresponded with a Criminal History Category of VI and a total offense level of 25 (offense level 34 capped at level 30, then reduced by three levels for acceptance of responsibility and by two levels for minor role).

Following Snipes's sentencing, the Sentencing Commission enacted Amendment 706 (further amended by Amendment 711), which reduced the base offense level for most crack cocaine offenses. Snipes filed a pro se motion for appointment of counsel. The district court granted the motion and ordered the government to address the effect of the new crack cocaine amendment on Snipes's sentence.

On March 20, 2009, after the parties submitted briefs on the effect of Amendment 706, the district court denied Snipes's motion for a sentence reduction, ruling that it lacked the authority to reduce Snipes's sentence.  Snipes filed a timely appeal to this court.

## II.

"A district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is reviewed under the abuse-of-discretion standard." United States v. Perdue, 572 F.3d 288, 290 (6th Cir. 2009), cert. denied, 130 S. Ct. 1537 (2010).  "'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.  A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 467 (6th Cir. 2009) (quoting Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004)).

## III.

Snipes argues that the district court abused its discretion when it ruled that it lacked the authority under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to reduce his sentence. We disagree.

A federal court can modify a defendant's sentence only if it is authorized to do so by statute.  United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001).  Under the relevant statute, if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court can reduce the sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the Sentencing Guidelines sets out the applicable policy statement when considering a reduction in sentence as a result of an amendment to the Sentencing Guidelines: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection [1B1.10](c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2008).

Here, Amendment 706 is one of the amendments listed in subsection (c) and it reduces the base offense level of most crack cocaine offenses by two levels. See U.S.S.G. § 1B1.10(c) (2008). In Snipes's case, however, Amendment 706 does not have the effect of lowering Snipes's applicable guideline range.

When the district court calculated Snipes's guideline range without the benefit of Amendment 706, Snipes's initial base offense level was 34. The district court then reduced this level to 30 due to Snipes's minor role pursuant to U.S.S.G. § 2D1.1(a)(3). When the guideline range is recalculated with the benefit of Amendment 706, Snipes's initial base offense level is 32, but with the § 2D1.1(a)(3) reduction, this level is again reduced to 30. Consequently, Snipes's base offense level calculated with and without the benefit of Amendment 706 is level 30. Under both calculations, Snipes's total offense level is 25, after taking into account the additional three-level reduction for acceptance of responsibility and the two-level reduction for minor role. Therefore, Snipes's applicable guideline range using Amendment 706 is identical to the original guideline range under which he was sentenced. Amendment 706 "does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2008). Accordingly, the district court correctly found that it did not have the authority to reduce the sentence because Snipes has not "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## IV.

There was no abuse of discretion, and we **AFFIRM** the judgment of the district court.