**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0555n.06

No. 09-3788

**FILED**
**Aug 26, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DAMON JOINER, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before:       KEITH, BOGGS, and MCKEAGUE, Circuit Judges.

PER CURIAM.

Damon Joiner ("Joiner") pled guilty to distributing cocaine base, in violation of 21 U.S.C.

§§841 (a)(1) and (b)(1)(A), and possessing cocaine base with intent to distribute, in violation of 21

U.S.C. §§841 (a)(1) and (b)(1)(B). He was sentenced to 107 months of incarceration to be followed

by 5 years of supervised release, and ordered to pay a $300 special assessment. He then filed a

motion to modify sentence, on the grounds that the district court sentenced him under the pre-

Amendment 706 Sentencing Guidelines. The motion was denied by the district court, and he now

appeals. For the reasons that follow, we affirm.

I.

On April 24, 2007, a federal grand jury in the Northern District of Ohio charged Joiner with

distributing cocaine base, in violation of 21 U.S.C. §§841 (a)(1) and (b)(1)(A), and possessing

cocaine base with intent to distribute, in violation of 21 U.S.C. §§841 (a)(1) and (b)(1)(B). On

August 8, 2007, Joiner pled guilty to all charges in a written plea agreement. The agreement stated that the amount of cocaine base attributed to Joiner placed him at a base offense level of 32 for sentencing purposes. However, because Joiner had been convicted of at least one prior drug felony offense, his sentence carried a statutory mandatory minimum of 20 years.

In November 2007, Amendment 706 to the United States Sentencing Guidelines lowered the base offense level for offenses involving cocaine base by two. On December 14, 2007, during Joiner's sentencing hearing, Judge Boyko acknowledged the revision in the guidelines that was implemented the month before, and calculated Joiner's base offense level accordingly. However, Boyko then declared that because mandatory minimum sentencing had been triggered, and because the minimum was greater than the maximum of the applicable Guidelines range, "based upon the directs [sic] of the Guidelines, we have to go with a total offense level of 33 because we have a 240-month, 20-year minimum, and the first offense level which encompasses the 240 months is at level 33." Judge Boyko then lowered the offense level by three for acceptance of responsibility, and then by five for substantial assistance, bringing the offense level to 25 with a penalty of 100 to 125 months of imprisonment. Joiner did not object to this finding at the hearing. After taking into consideration the factors set forth in 18 U.S.C. §3533(a), the district court imposed a sentence of 107 months of incarceration, 5 years of supervised release, and a $300 special assessment. Joiner did not appeal his sentence.

On June 12, 2008, Joiner filed a *pro se* motion for a sentence reduction under 18 U.S.C. §3582(c)(2). (R.38) The district court denied Joiner's motion on July 15, 2008. Joiner filed a timely notice of appeal on that same day. On June 18, 2009, this court vacated and remanded the district court's order so that the district court could specify its reasons for denying the motion. On

2

June 24, 2009, the district court issued an order denying the Defendant's motion for reduction with a three-sentence explanation that stated that the amended guidelines were already in effect at defendant's sentencing and that the defendant's sentence incorporated the amendment's two-level reduction to the crack cocaine Sentencing Guidelines.

## II.

This court reviews a district court's denial of a motion to modify sentence under 18 U.S.C. §3582(c)(2) for an abuse of discretion. *See United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009).

Joiner filed his *pro se* motion to modify his sentence under 18 U.S.C. §3582(c)(2), which provides relief for a defendant who has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission". 18 U.S.C. §3582(c)(2). Here, however, both Joiner and the government agree that Amendment 706 to the United States Sentencing Guidelines became effective one month *before* Joiner was sentenced. As a result, §3582(c)(2) clearly does not apply in this case as Joiner's sentencing range was not "subsequently" lowered by the Sentencing Commission.

## III.

For the foregoing reasons, this court **AFFIRMS** the decision of the district court.