NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0686n.06

No. 09-3752

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 04, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee. )
)
v. ) On Appeal from the United States
) District Court for the Northern
STACY EUGENE CLEMONS, ) District of Ohio
)
    Defendant-Appellant, )

Before:      BOGGS, COLE, and CLAY, Circuit Judges

PER CURIAM.  Stacy Clemons appeals the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  Clemons is ineligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. § 4B1.1, rather than under § 2D1.1.  The latter was altered when the Sentencing Commission adopted Amendment 706, reducing the base offense levels for crack cocaine possession, but that reduction does not apply to career offenders sentenced under § 4B1.1.  We therefore affirm the district court's judgment.

In February 2005, a federal grand jury indicted Clemons on two counts of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a).  Clemons pled guilty to both counts.  Under § 2D1.1, Clemons's base offense level was 26, which created a guidelines range of 84 to 105 months of imprisonment.  But because Clemons was found to be a career offender under § 4B1.1, his adjusted offense level was 34, with a criminal history category of V.  A three-level

reduction for acceptance of responsibility yielded a total offense level of 31 and a guidelines range of 188 to 235 months, from which the court varied downward to impose a sentence of 120 months.

In 2008, Clemons filed a motion under 18 U.S.C. § 3582(c)(2), which allows district courts to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court found Clemons ineligible for a sentence reduction. Clemons appealed, arguing alternatively that § 2D1.1 was an "applicable guideline" with respect to his sentence, or that his sentence was so far outside the career-offender guidelines that he was effectively sentenced under § 2D1.1. Clemons further argued that, under *United States v. Booker*, 543 U.S. 220 (2007), no single guideline provision can be considered mandatory, and therefore no single provision can be considered the "applicable guideline." He acknowledged, however, that in *United States v. Perdue*, this court "clearly rejected" these arguments. *See* 572 F.3d 288, 292-93 (6th Cir. 2009).

This court reviews a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard. *Ibid.*

No abuse of discretion occurred here. A court may modify a defendant's sentence only as authorized by statute. *Perdue*, 572 F.3d at 290. Relief is not authorized if a sentencing amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The court may only substitute the amended range, leaving "all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1); *see also Perdue*, 572 F.3d at 291. As this

court held in *Perdue*, Amendment 706, which reduced the base offense level for crack offenses, has no impact on a sentencing range established under the career-offender guidelines and thus does not authorize relief to offenders sentenced under those provisions. 572 F.3d at 293.

Clemons's alternative arguments fail as well. We held in *Pembrook* that the term "applicable guideline range" refers to a defendant's *pre-departure* guideline range, not the range *toward* which the judge departed. 609 F.3d at 384. Thus, Clemons's argument that his sentence should be modified because the sentencing judge was influenced by § 2D1.1 has been rejected by this court. Finally, the Supreme Court recently confirmed that *Booker* does not require that the Sentencing Guidelines be treated as non-binding in sentence-modification proceedings. *See Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). The Court explained that the reduction of "an otherwise final sentence" is available "only to a limited class of prisoners . . . whose sentence was based on a sentencing range subsequently lowered by the Commission." *Id*. at 2690-91. Because Clemons is not part of that limited class of prisoners, the district court lacked the power to modify his sentence.

Because Clemons's sentencing range was not lowered by amendment, he is ineligible for a sentence reduction under § 3582(c)(2), and we AFFIRM the district court's denial of his motion.