**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0294n.06

No. 09-5300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 05, 2011
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                     )
                                              )
    Plaintiff-Appellee,                       )
                                              )
v.                                            )    ON  APPEAL  FROM  THE  UNITED
                                              )    STATES DISTRICT COURT FOR THE
ZORIDA BLEWETT,                               )    WESTERN DISTRICT OF KENTUCKY
                                              )
    Defendant-Appellant.                      )


Before: DAUGHTREY, MOORE, and CLAY, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   The defendant, Zorida Blewett, pleaded guilty to charges of conspiracy to possess with intent to distribute 50 or more grams of cocaine base, aiding and abetting possession with intent to distribute 50 or more grams of cocaine base, and aiding and abetting distribution of cocaine base. In May 2002, the district court concluded that Blewett was a career offender, as defined by section 4B1.1 of the United States Sentencing Guidelines, and sentenced him to an effective term of 262 months in prison. However, following the 2007 amendment to section 2D1.1(c) of the Guidelines – an amendment that reduced the base offense calculation for most crack cocaine offenses by two levels – the district court directed the probation deparatment to recalculate the defendant's potential sentence "[a]s a result of the retroactive application

of the crack cocaine amendment." *See* USSG Supp. App. C, Amend. 706 (effective Nov. 1, 2007).

After performing that recalculation, the probation department determined that Blewett's sentencing range – 262 to 327 months – would remain the same, even after the amendment, because the career-offender guidelines, under which the defendant had been sentenced, had not been altered by Amendment 706. The district court agreed with the probation office's assessment and overruled Blewett's objections to the recalculation. The defendant filed a timely notice of appeal from that ruling and now seeks sentencing relief from this court.

On appeal, Blewett quotes the explicit language of 18 U.S.C. § 3582(c)(2) in arguing that the sentence imposed upon him should be modified. In that subsection, Congress provided:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* (emphasis added).

The defendant insists that, because Amendment 706 reduced by two the base offense levels for the crack cocaine amounts that were previously listed in section 2D1.1(c) of the Guidelines, his career-offender-enhanced sentence should also be reduced. Blewett reasons that one step in assessing punishment for a career offender is determining whether "the offense level for a career offender from the table in [§ 4B1.1(b)] is greater than the offense level otherwise applicable." USSG § 4B1.1(b). Thus, he contends, a court must necessarily calculate "the offense level otherwise applicable" and, because that offense level has been reduced through operation of Amendment 706, he has in fact "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Blewett's argument, however, is foreclosed by our decision in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010). In *Perdue*, we recognized that any "alternative base offense level under § 2D1.1 ultimately [does] not affect the calculation of the sentencing range under the career offender classification, § 4B1.1," and that, as a result, "Amendment 706 has no effect on the ultimate sentencing range imposed . . . under the career-offender Guideline." *Id.* at 293. That determination is now the "law of the circuit" and "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

In an alternative argument contained in his brief filed prior to the United States Supreme Court's decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), Blewett contends that *all* Guidelines provisions are advisory only and, therefore, that a sentence modification occasioned by operation of Amendment 706 would not necessarily be limited to a two-level reduction and, inferentially, would not necessarily be constrained by any career-offender provisions. In *Dillon*, however, the Court ruled that even *United States v. Booker*, 543 U.S. 220 (2005), which directed courts to treat Guidelines sentencing ranges as advisory rather than mandatory, does not permit district courts in proceedings under 18 U.S.C. § 3582(c) to reduce a sentence below the revised Guidelines range authorized by Amendment 706. *See Dillon*, 130 S. Ct. at 2691-92. Instead, the Court held:

> [Section 3582(c)(2)] permits a sentence reduction [only] within the narrow bounds established by the [Sentencing] Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other guideline application decisions unaffected." [U.S.S.G.] § 1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.

*Id.* at 2694.

Similarly, Amendment 706 effected no change to the Guidelines' career-offender provisions. *Dillon* thus does not undermine our prior decision in *Perdue*. Bound as we are by that earlier ruling, we are not now free to grant Blewett the relief he seeks. The judgment of the district court is, therefore, AFFIRMED.