UNITED STATES of America, Plaintiff–Appellee,

v.

Eddie L. MARSHALL, Defendant–Appellant.

No. 08–4232.

United States Court of Appeals, Sixth Circuit.

July 31, 2009.

BEFORE: COLE and COOK, Circuit Judges; and COHN, District Judge.*

PER CURIAM.

This is a criminal case. Defendant-appellant, Eddie Marshall ("Marshall"), appeals from a district court order denying his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2).[1] Marshall's motion is based on Amendment 706 to the United States Sentencing Guidelines, which—together with Amendment 713—retroactively reduces by two points the base offense levels applicable to crack cocaine offenses. The district court denied Marshall's motion, concluding that because he was sentenced as a career offender, he is ineligible for relief.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Title 18, § 3582(c)(2) reads, in pertinent part, as follows:
   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On appeal, Marshall argues that the district court erroneously concluded that career offenders are ineligible for sentence modifications under § 3582(c)(2).

On July 14, 2009, this Court determined that defendants who are sentenced as career offenders are ineligible for sentence modifications based on Amendment 706 to the Guidelines. *See United States v. Perdue*, 572 F.3d 288 (6th Cir.2009). *Perdue* is directly on point and forecloses Marshall's argument.

Accordingly, the order of the district court is AFFIRMED.

---

\* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Title 18, § 3582(c)(2) reads, in pertinent part, as follows:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.