NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0789n.06

No. 08-3751

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 15, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARRY W. BERRY,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN, BOGGS, and WHITE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Larry Berry pled guilty to one count of possessing crack cocaine with the intent to distribute the drug. He was sentenced to 188 months' imprisonment in February 1997 as a career offender. While Berry was in prison, the United States Sentencing Commission amended the Sentencing Guidelines, effectively lowering the sentencing ranges that applied to most offenses involving crack cocaine. Berry filed a motion for a reduction of sentence, arguing that he was entitled to relief based upon the amendment. He now appeals the district court's denial of that motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.**

On March 20, 1996, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Larry Berry with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1) and with being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On February 25, 1997, Berry pleaded guilty to Count 1.

Berry would have received a base offense level of 26 under U.S.S.G. § 2D1.1 based on the amount of cocaine base (crack) attributable to him had he not been sentenced as a career offender. Consistent with the pre-sentence report provided by the United States Probation Office, the district court determined that Berry was a career offender under U.S.S.G. § 4B1.1, yielding an adjusted offense level of 31 and a criminal history category of VI because U.S.S.G. § 4B1(b)(B) increases the base offense level to 34 in cases where the statutory maximum is 25 years or more.  Following an offense-level reduction of three levels for acceptance of responsibility, the district court determined that Berry had a total offense level of 31, yielding a Guidelines range of 188-235 months.  Thus, the district court sentenced Berry to 188 months' imprisonment, followed by four years' supervised release, pursuant to the career-offender guidelines.

On March 31, 2008, Berry filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines that lowered the base offense levels for crack cocaine offenses.  The district court denied Berry's motion on June 10, 2008 after determining that Berry was ineligible for sentence reduction based on a reduction in the Guidlines for crack cocaine offenses because he was sentenced as a career offender.  Berry timely appealed.

## II.

A district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is reviewed under the abuse-of-discretion standard.  *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007).  We have explained that "[a] district court abuses its discretion when it relies on clearly

erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (citation and internal quotation marks omitted).

### III.

Berry contends that a retroactive amendment to the guideline for cocaine-base offenses requires that his case be remanded for re-sentencing.

Section 3582(c)(2) authorizes a district court to reduce a sentence where the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). After Berry's sentencing, and while he was in prison, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, which lowered the sentencing ranges that applied to most crack cocaine offenses. Following this amendment, Berry filed a motion for a sentence reduction under Section 3582(c)(2), which the district court denied.

In this case, the district court did not sentence Berry under the crack cocaine guideline, U.S.S.G. § 2D1.1; rather, it sentenced him under U.S.S.G. § 4B 1.1, the career offender guideline. Consequently, Amendment 706, which amended § 2D1.1 but not § 4B1.1, has no effect on the ultimate sentencing range applicable to Berry. *United States v. Lockett*, 2009 WL 2445733, at *1 (6th Cir. 2009) (*citing United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009)). As Berry is not entitled to a reduction of his sentence on the basis of Amendment 706, section 3582(c)(2) does not authorize a reduction in Berry's sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) (noting that Section

3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range").

Moreover, contrary to Berry's assertion that his career offender status cannot serve as a basis to deny his eligibility under Section 3582(c)(2) under *United States v. Booker*, 543 U.S. 220 (2005), the holding in *Booker* is inapplicable here. *Booker* reiterated that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* at 231 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Booker* is thus inapplicable to section 3582(c)(2) proceedings which can only decrease rather than increase a sentence. *See United States v. Washington*, 584 F.3d 693, 699-701 (6th Cir. 2009).

**IV**.

We therefore **AFFIRM** the district court's decision to deny Berry's motion for re-sentencing.