NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0803n.06

Case No. 08-4527

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Dec 17, 2009

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| KHALID RA, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Khalid Ra appeals the district court's order denying his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Ra moved for a sentence reduction under Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.), which together with Amendment 713, retroactively reduces by two points the base offense levels applicable to cocaine base (crack) offenses.  The district court denied the motion, determining that Ra was ineligible for a sentence reduction because he was sentenced as a career offender.  We affirm.

Pursuant to a written plea agreement, Ra pled guilty to one count of conspiracy to possess with the intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.  At the time of sentencing, Ra's base offense level was 24, and his criminal history placed him in category III, resulting in a guidelines range of 210 to 262 months

under U.S.S.G. § 2D1.1. The district court determined that Ra was a career offender under U.S.S.G. § 4B1.1, which increased his offense level to 34, his criminal history category to VI, and his guidelines range to 262 to 327 months. The government moved for a reduction under U.S.S.G. §§ 3E1.1 and 5K1.1, and the district court granted the motion, setting Ra's offense level at 28. The district court did not, however, change Ra's status as a career offender or his criminal history category. The resulting guidelines range was 140 to 175 months' incarceration, and on November 21, 2005, the district court sentenced Ra to 140 months — the bottom of the sentencing guidelines range.

On appeal, Ra argues that the district court erroneously concluded that career offenders are ineligible for sentence reductions under 18 U.S.C. § 3582(c)(2) because *United States v. Booker*, 543 U.S. 220 (2005), made all guideline provisions, including career offender status, discretionary. In the alternative, he claims that he was, in fact, not sentenced as a career offender because the district court granted a six-level downward adjustment in his offense level.

We find no merit in either of Ra's arguments. Ra's primary argument is foreclosed by our decision in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009). In *Perdue*, we determined that a defendant convicted of a crack cocaine offense whose sentencing range is based on the career offender portion of the guidelines is ineligible for consideration for a sentence reduction under § 3582(c) because "Amendment 706 has no effect on the ultimate sentencing range." *Id*. at 293. Although the defendant in *Perdue* had received a three-level reduction for acceptance of responsibility and a five-level downward departure for substantial assistance to the government, he nevertheless was ineligible for an Amendment 706 reduction because his offense level was based on the career offender guidelines provision. *Id*. at 290, 292-93. *Booker* does not change the result.

2

As we said in *Perdue,* "[e]ven assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Id*. at 292 (emphasis in original). That text, we pointed out, applies only to defendants whose sentences were "based on" a subsequently-lowered "sentencing range." *Id*. Ra's sentence was based on his status as a career offender; therefore, the retroactive crack cocaine amendment does not lower his sentencing range.

Ra's alternative argument is based solely on the decision of a district court in a sister circuit, *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Penn. 2008). He argues that, in that case, the district court granted the defendant's motion for a sentence reduction "because the sentence imposed appeared to be closer to the § 2D1.1 guideline than § 4B1.1." Even disregarding the obvious weakness of the precedential value of a district court's decision in another circuit, we conclude that Ra's interpretation of the reasoning of that case is incorrect. Poindexter was not granted a sentence reduction because the sentence appeared closer to the § 2D1.1 guideline. Rather, he was granted a sentence reduction because the district court "did *not* sentence Poindexter under the career offender guideline." *Poindexter*, 550 F. Supp. 2d at 580 (emphasis in original). Instead, the district court "reduced Poindexter's offense level to that which he would have faced absent the career offender designation." *Id*. at 581; *see also id*.at 579 (explaining that the base offense level without career offender status would have been 30, which with a three-level downward departure due to acceptance of responsibility would be 27 — the level which the district court determined to be applicable).

3

That is not the case here. As Ra himself points out, his offense level was calculated to be 34, based on his status as a career offender. Then, the district court granted a six-level downward departure based upon the government's motion under §§ 3E1.1 and 5K1.1, leaving Ra with an offense level of 28, higher than the offense level of 24 that he would have been assessed absent his career offender status. The district court clearly sentenced Ra under § 4B1.1, albeit with a generous downward departure. These offense-level reductions did not render Ra's career offender designation inapplicable. Rather, "'the sentencing range applied to his case is derived exclusively from the guidelines' unamended career offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1.'" *See Perdue*, 572 F.3d at 292 (quoting *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008)). *Perdue* is directly on point and forecloses Ra's arguments.

Accordingly, we **AFFIRM** the judgment of the district court.