**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0105n.06

**No. 08-4612**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 17, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **VIDAL CURRY**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE, GILMAN, and WHITE, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Vidal Curry pleaded guilty to conspiring to possess with intent to distribute cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. §§ 841 and 846.  On November 11, 2004, the district court sentenced him as a career offender to ninety-six months in prison, followed by three years of supervised release.  While Curry was serving his prison sentence, the U.S. Sentencing Commission amended the U.S. Sentencing Guidelines ("U.S.S.G." or "the Guidelines") to reduce the base offense levels for most crack-possession offenses.  Based on these changes to the Guidelines, Curry filed a motion in the district court asking that it reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied Curry's motion, and he appeals that denial.  For the following reasons, we **AFFIRM**.

**I.  BACKGROUND**

Curry pleaded guilty to conspiring to possess with intent to distribute at least three, but not

more than four, grams of crack cocaine. Based on the amount of crack cocaine involved in the crime, the district court calculated his initial base offense level to be 22 under the version of U.S.S.G § 2D1.1 in place at the time. However, because Curry was found to be a career offender, the court recalculated his base offense level to be 32 under U.S.S.G § 4B1.1, with a Criminal History Category of VI. The court then reduced Curry's offense level by three levels, to 29, based on his acceptance of responsibility. Additionally, the Government filed a motion requesting that the court grant a four-level downward departure pursuant to U.S.S.G. § 5K1.1 based on Curry's substantial assistance to the Government. The court went beyond the Government's recommendation and granted a six-level downward departure, bringing his final offense level to 23. Curry's offense level of 23 and his Criminal History Category of VI corresponded to a Guidelines range of 92 to 115 months of imprisonment. Based on this, the court sentenced Curry to ninety-six months in prison, to run concurrently with an earlier state sentence, and three years of supervised release.

On November 4, 2008, Curry filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The Government opposed the motion, and the court denied it on November 20, 2008. Curry timely appealed the decision denying his motion to this Court.

## II. STANDARD OF REVIEW

This Court reviews a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (internal quotation marks omitted).

### III. ANALYSIS

Curry argues that he is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the U.S. Sentencing Commission's adoption of Amendment 706 to the Guidelines, which retroactively reduced most of the base offense levels for crack cocaine possession under U.S.S.G. § 2D1.1, and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, which rendered the Guidelines advisory. Unfortunately for Curry, the arguments he presents on appeal have been foreclosed by intervening decisions issued by this Court.

In *Perdue*, this Court held that a defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706. *Perdue*, 572 F.3d at 292-93. Thus, the *Perdue* decision forecloses Curry's argument that he is eligible for a sentence reduction under § 3582(c)(2). *See, e.g.*, *United States v. Marshall*, 329 F. App'x 637, 638 (6th Cir. 2009).

Alternatively, Curry argues that his sentence was not actually based on U.S.S.G. § 4B1.1 because the reductions to his offense level based on his cooperation and acceptance of responsibility brought his final offense level closer to the level provided for under U.S.S.G. § 2D1.1. This Court recently rejected this argument in *United States v. Ra*, No. 08-4527, 2009 WL 4885274 (6th Cir. Dec. 17, 2009), determining that the "offense-level reductions did not render [the defendant's] career offender designation inapplicable." *Id.* at *2. Just as in *Ra*, the Guidelines range applied in Curry's case was "derived exclusively from the guidelines' unamended career offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1." *Id.*

(internal quotation marks omitted) (quoting *Perdue*, 572 F.3d at 292). Therefore, Curry is ineligible for a sentence reduction under § 3582(c)(2) because his sentence was based on the Guidelines' career-offender provision, even though his final offense level was reduced below the U.S.S.G § 4B1.1 level.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Curry's motion for a sentence reduction.