**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0398n.06

No. 09-3408

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 02, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| RASHEED J. SEWELL, | ) | |
| | ) | |
| Defendant-Appellant | ) | |

**BEFORE: MARTIN and GRIFFIN, Circuit Judges; and DUGGAN,** [*] **District Judge**.

**DUGGAN, DISTRICT JUDGE**. Defendant Rasheed Sewell appeals from the district

court's denial of his motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Because the career

offender guidelines and not the crack cocaine guidelines controlled Sewell's original sentence, the

district court correctly concluded that Sewell was not eligible for a sentence reduction pursuant to

§ 3582(c)(2). Accordingly, we affirm the denial of his motion.

I.

On January 12, 2000, Sewell pleaded guilty pursuant to a plea agreement to one count of

conspiracy with intent to possess cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. In

the plea agreement, the government agreed *inter alia* to recommend a three-level reduction of

Sewell's offense level under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1 based on his

---

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of
Michigan, sitting by designation.

acceptance of responsibility and to move for a two-level reduction of Sewell's offense level pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 if he provided substantial assistance to the government in accordance with the agreement.

A Presentence Report ("PSR") was prepared in aid of Sewell's sentencing. The PSR identified Sewell's base offense level as 28 under U.S.S.G. § 2D1.1 for violating §§ 841(a)(1) and 846. Applying the agreed upon three-level reduction based on his acceptance of responsibility and considering the government's anticipated motion for a two-level reduction for substantial assistance, Sewell had an adjusted offense level of 23. Based on an accompanying criminal history category of V, the PSR calculated the applicable guideline range for imprisonment as 84-105 months.

Sewell, however, was deemed a career offender under U.S.S.G. § 4B1.1(a) as a result of his prior convictions of aggravated trafficking in crack cocaine and assault on a law enforcement officer. The PSR indicated Sewell's base offense level pursuant to § 4B1.1 as 34, resulting in a total offense level of 29 after applying the three- and two-level reductions indicated previously. With an enhanced criminal history category of VI based on his career offender status, *see* U.S.S.G. § 4B1.1(b), the PSR calculated the applicable guideline range for imprisonment as 151 to 188 months.

At Sewell's sentencing on May 1, 2000, the district court adopted the PSR's factual findings and granted the government's § 5K1.1 motion. Pursuant to § 4B1.1(b), because Sewell's total career offender offense level (29) was greater than the offense level otherwise applicable (25), the court determined the applicable guideline range for imprisonment as 151 to 188 months. The district court sentenced Sewell to a term of imprisonment of 160 months. A panel of this court affirmed Sewell's conviction and sentence on direct appeal on September 23, 2002. *United States v. Bryant*, 46 Fed. App'x 778, 780-81 (6th Cir. 2002) (unpublished opinion).

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). The effect of the amendment was to adjust downward by two levels the base offense levels assigned to quantities of crack cocaine. The Sentencing Commission subsequently made Amendment 706 retroactive as of March 3, 2008, by the enactment of Amendment 713 (collectively "crack cocaine amendments").

Sewell thereafter filed a motion in the district court seeking a reduction of his sentence pursuant to § 3582(c)(2) based on the crack cocaine amendments. The district court denied the motion in a March 24, 2009 opinion and order, concluding that Sewell was not eligible for a sentence reduction based on the crack cocaine amendments because he was sentenced under the career offender guidelines which the Sentencing Commission had not lowered. This appeal followed.

II.

On appeal, Sewell claims the district court erred when it concluded that he was ineligible for a sentence reduction pursuant to § 3582(c)(2). We review a district court's denial of a motion for a reduction in sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009), *cert. denied*, – U.S. – , 130 S. Ct. 1537 (2010). A district court abuses its discretion when it relies upon clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard. *Id*.

A district court may modify a defendant's sentence only as authorized by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2001). Section 3582(c)(2) "permits modification of a sentence only where the sentence was '*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Parker*, 358 Fed. App'x 632, 634 (6th Cir. 2009) (unpublished opinion) (quoting 18 U.S.C. § 3582(c)(1)) (emphasis added). Sewell's

sentence was "based on" the career offender guidelines– which have *not* been subsequently lowered by the Sentencing Commission– rather than the crack cocaine guidelines. Therefore, the district court properly determined that it lacked the authority to reduce his sentence under § 3582(c)(2). *Perdue*, 572 F.3d at 292 (citations omitted).

As the Sentencing Commission's policy statement provides with respect to sentence reductions resulting from an amendment to the Guidelines, a modification of a defendant's sentence is not authorized if "an amendment listed in subsection (c) [of § 1B1.10] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a) (amended Dec. 11, 2007). There would have been no effect on Sewell's sentence if Amendment 706 had been in place when he was sentenced. In accordance with § 4B1.1(b), the higher career offender offense level still would have been used to determine the applicable guideline range. *See* U.S.S.G. § 4B1.1

Sewell argues, however, that all provisions in the Sentencing Guidelines are discretionary and no longer mandatory following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and therefore all applicable Guideline provisions are relevant and must be considered in achieving a sentence in accordance with 18 U.S.C. § 3553(a). Thus, Sewell maintains, his sentence necessarily was "based on" the § 2D1.1 total offense level determination that has been lowered by the crack cocaine amendments. Alternatively, Sewell argues that he was not sentenced within the career offender guideline because "[t]he district court granted an aggregate five-level reduction under §§ 3E1.1 and 5K1.1, placing him outside the intended limits of § 1B1.10 . . .." Sewell contends that this renders his sentence indistinguishable from the defendants' sentences in *United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008), and *United States v. Poindexter*, 550

F. Supp. 2d 578 (E.D. Pa. 2008), where the district courts held that the defendants were entitled to sentence reductions under § 3582(c)(2) as a result of the crack cocaine amendments.

With respect to Sewell's argument based on *Booker*, the Supreme Court held in a recently issued decision that *Booker* does not expand a court's authority to modify a defendant's sentence pursuant to § 3582(c)(2). *Dillon v. United States*, 560 U.S. – , 2010 WL 2400109 (June 17, 2009). Furthermore, a panel of this court previously addressed the same argument that Sewell raises here and found that it lacked merit. *Perdue*, 572 F.3d at 292. The panel reasoned: "Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence, *Congress* may certainly cabin the court's discretion and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Id*. (emphasis in original). As another panel of this court subsequently reasoned in rejecting the same argument:

*Booker* reiterated that "'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" [*Booker*, 543 U.S.] at 231, 125 S. Ct. 738 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000)). *Booker* is thus inapplicable to section 3582(c)(2) proceedings which can only decrease rather than increase a sentence.

*United States v. Berry*, 356 Fed. App'x 829, 830-31 (6th Cir. 2009) (unpublished opinion) (citing *United States v. Washington*, 584 F.3d 6932, 699-701 (6th Cir. 2009)).

As to Sewell's alternative argument, the district court in fact sentenced him pursuant to the career offender guidelines in § 4B1.1 even though the court applied an aggregate five-level reduction to his offense level pursuant to §§ 3E1.1 and 5K1.1. For that reason, his case is distinguishable from

*Ragland* and *Poindexter*. In *Ragland*, the district court found that treating the defendant as a career offender– even though he qualified as one under § 4B1.1– would overstate the seriousness of his criminal history and his likelihood of recidivism. 568 F. Supp. 2d at 19. Similarly, the district court in *Poindexter* determined that the career offender guideline overrepresented the defendant's total offense level. 550 F. Supp. 2d at 579. Therefore, in both cases, the court departed downward from the career offender range pursuant to U.S.S.G. § 4A1.3 and sentenced the defendant within the otherwise applicable guideline range. *Id.*; *Ragland*, 568 F. Supp. 2d at 19. While Sewell received a downward departure, it was not because the district court concluded that the career offender guideline was inappropriate and applied § 4A1.3. Rather, and unlike the defendants in *Ragland* and *Poindexter*, the 160 months sentence Sewell received was not a downward departure from the career offender guideline (151 to 188 months) and was not based on the otherwise applicable guideline range under § 2D1.1 (84 to 105 months).

III.

For these reasons, we AFFIRM the order of the district court.