**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0633n.06

No. 09-4087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 21, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA )
)
    Plaintiff-Appellee, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) NORTHERN DISTRICT OF OHIO
MICHAEL MEADOWS )
)
    Defendant-Appellant. )

Before: MOORE, SUTTON, and FRIEDMAN,[*] Circuit Judges.

SUTTON, Circuit Judge. Michael Meadows appeals the district court's denial of his motion for a sentence reduction in the aftermath of the Sentencing Commission's decision to lower the guidelines' range for crack-cocaine offenses. Meadows, however, was sentenced as a career offender, precluding the prior crack-cocaine guidelines from impacting his sentence. *See United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009). We therefore affirm.

I.

Meadows pled guilty to one count of aiding and abetting the distribution of 181.55 grams of crack cocaine. *See* 21 U.S.C. § 841(a). At sentencing, the district court determined that this conviction generated a base offense level of 34. *See* U.S.S.G. § 2D1.1. Meadows had a prior

---

[*]Daniel M. Friedman, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

conviction for aggravated drug trafficking, however, making him a career offender, *see* U.S.S.G. § 4B1.1, and re-setting his offense level to 37. Reductions for acceptance of responsibility and substantial assistance to the government yielded an offense level of 28 and a criminal history of VI, which intersect at a guidelines range of 140–175 months. The district court sentenced Meadows to 140 months. Meadows did not appeal his conviction or sentence.

In November 2007, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, lowering the offense level under § 2D1.1 for cocaine-base offenses. *See* U.S.S.G. Supp. App. C, amend. 706. Several months later, the Commission made Amendment 706 retroactive. *See* U.S.S.G. Supp. App. C, amend. 713 (effective March 2008). In July 2009, Meadows filed a § 3582(c)(2) motion to reduce his sentence. The court denied the motion due to Meadows' status as a career offender.

## II.

When a court sentences a defendant "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission," it may reduce the sentence if that "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The guidelines are to the same effect, permitting a court to "reduce" such a "defendant's term of imprisonment" under § 3582(c)(2), unless the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10. The statute and the guidelines thus establish a general rule (that defendants serving sentences implicating

subsequently reduced guidelines may seek a reduction in their sentence) and exceptions to that rule (that, for example, no reduction is appropriate if the original sentence was not "based on" the relevant guideline or if a reduction would be inconsistent with policy statements issued by the Sentencing Commission). Meadows' problem is that the exception, not the rule, applies. To determine whether Meadows' sentence was "based on" the crack-cocaine guidelines, "we look to what the district court actually said and did at the original sentencing." *United States v. Hameed*, No. 09-3259, slip op. at 7 (6th Cir. July 26, 2010). Since the district court relied solely on the career offender guidelines, and nothing else, to determine the guidelines range, Meadows is precluded from showing that his original sentence was "based on" the prior crack-cocaine guideline or that the amendment otherwise would "have the effect of lowering" his "applicable guideline range."

Meadows challenges this interpretation of the statute and guideline, then argues that, even if it is correct, §1B1.10 must be "invalid" under *United States v. Booker*, 543 U.S. 220 (2005). Appellant's Br. at 6–7. We have seen this movie before, and it does not end well for the defendant. In *Perdue*, we confirmed that the exception to § 3582(c)(2) applies if the court originally sentenced the defendant as a career offender. "[A] district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." 572 F.3d at 292. Section 3582(c)(2) applies, we added, only when a defendant's sentence was "based on" a sentencing range that was subsequently lowered. *Id.* at 292–93. Because the court based Perdue's original guidelines range on the career-offender

guideline, not the crack-cocaine guideline, Amendment 706 did not affect his sentence. So too for Meadows.

*Perdue* also rejected a *Booker* challenge to the constitutionality of § 1B1.10, reasoning that the court had tethered its holding to the "based on" language of § 3582(c)(2), not the guidelines language in § 1B1.10. "Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence," the court explained, "Congress may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Perdue*, 572 F.3d at 292. Making matters worse for Meadows, the Supreme Court recently held that *Booker* does not even apply to § 3582(c)(2) sentencing reductions. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

Last of all, Meadows insists that, in view of the district court's nine-point reduction during the original sentencing hearing, it must not have sentenced Meadows as a career offender, thereby establishing that the career-offender guideline (§ 4B1.1) is not the "applicable guideline." Appellant's Br. at 18. But Meadows cites no authority for this argument, and we have rejected it before. *See United States v. Ra*, 357 F. App'x 645, 647 (6th Cir. 2009) ("[O]ffense-level reductions did not render [defendant's] career offender designation inapplicable."); *see also Hameed*, No. 09-3259, slip op. at 13 (applicable guideline range determined in reference to the "correct point from which the departure should have been measured"); *United States v. Bridgewater*, 606 F.3d 258, 261–62 (6th Cir. 2010) (downward variance did not implicate Amendment 706 when the career offender guideline "served as the benchmark for sentencing"). Meadows' sentence was "derived

exclusively from the Guidelines' unamended career-offender provision set forth in U.S.S.G.

§ 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1," *Perdue*, 572 F.3d at

292, and accordingly he has no cognizable basis for obtaining relief.

III.

For these reasons, we affirm.