**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0639n.06

**No. 09-2056**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 06, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANGELO CHAMBLISS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Angelo Chambliss challenges the outcome of his § 3582(c) sentence-reduction proceeding, which reduced his 600-month sentence to 440 months. Because he fails to offer a cognizable ground for mandating a still-lower sentence, we affirm.

I.

A jury convicted Angelo Chambliss of conspiring to distribute cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and distributing cocaine base within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1), 860(a). At his 1992 sentencing hearing, the district court calculated a guidelines range of 360 months to life. The court sentenced Chambliss to a 600-month prison term, and we affirmed. *See United States v. Hill*, 30 F.3d 48 (6th Cir. 1994).

At the time, the guidelines included a 100-to-1 ratio for crack to powder cocaine, meaning that the guidelines treated each gram of crack as 100 grams of powder cocaine. In 2007, the Sentencing Commission reduced the base offense level associated with crack cocaine, shrinking the crack-powder ratio in various ways throughout the guidelines. *See* U.S.S.G. Supp. App. C, amdt. 706 (effective Nov. 1, 2007); U.S.S.G. § 2D1.1(c)(1)-(10). The next year, the Commission made the amendment retroactive. *See* U.S.S.G. Supp. App. C, amdt. 713 (effective Mar. 3, 2008).

Chambliss filed several motions to reduce his sentence under § 3582(c)(2), which allows a court to reduce a sentence premised on a guideline that the Commission later retroactively reduces. *See* 18 U.S.C. § 3582(c)(2). The court held a hearing, calculated a new guidelines range (324–405 months) and reduced Chambliss's sentence to 440 months. In declining to reduce Chambliss's sentence still further, the court cited Chambliss's criminal history, the fact that he committed these crimes while on parole and his poor prison-discipline record. Chambliss appealed.

## II.

We begin by considering our power to entertain this appeal. Although the parties have not raised the issue, we have an independent obligation to police the bounds of our jurisdiction, even if it means doing so on our own initiative. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

We may hear appeals from § 3582(c) proceedings if the sentence

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a); *see United States v. Bowers*, __ F.3d __, 2010 WL 3168260, at *5 (6th Cir. Aug. 12, 2010). Chambliss's sentence exceeds the new guidelines range, so § 3742(a)(3) gives us jurisdiction over this appeal.

## III.

Chambliss raises two arguments on the merits, both unconvincing.

As a matter of procedural unreasonableness, he criticizes the court for considering "unreliable" prior conduct for which he was arrested but not convicted. The problem for Chambliss is that the government included this information in the original PSR, to which he filed no objections. He cannot now challenge the district court's original reliance on this information. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) (correcting original sentencing mistakes is "outside the scope of the proceeding authorized by § 3582(c)(2)"); *cf.* U.S.S.G. §§ 4A1.3(a)(2)(D)–(E)

(permitting sentencing courts to consider conduct not resulting in convictions). Further, even putting

aside the two crimes for which Chambliss was charged and not convicted, a homicide and an assault,

the record shows two convictions for carrying a concealed weapon as well as a history of parole

violations and an escape from state custody. It is certainly not necessary to conclude that the court

relied on the arrests to determine that Chambliss had an extensive criminal history or to choose the

appropriate sentence reduction. The district court specifically disavowed having relied on the arrests

when defense counsel raised the point in the sentence-reduction hearing and pointed instead to

concerns over Chambliss's post-incarceration conduct. In fact, the judge put such great emphasis

on that conduct that he said he would have been inclined to reduce the sentence further had

Chambliss been a model prisoner.

Chambliss, it is true, points to one alleged error regarding his post-incarceration record.

During the § 3582(c) proceeding, the district court said that Chambliss "assault[ed] a [prison] guard

without serious injury," R.270 at 7, yet nothing before the district court, Chambliss argues, indicated

whom he assaulted. Even in original sentencing proceedings, however, we do not punish district

courts for minor omissions or slips of the tongue. And that is all this is, given that Chambliss does

not deny he assaulted *someone*. Any "error," if indeed we can call it that, is surely harmless in view

of the reality that no one disputes that Chambliss committed an assault. *See United States v. Bacon*,

__ F.3d __, 2010 WL 3258559, at *3–4 (6th Cir. Aug. 19, 2010). In its amended resentencing order,

moreover, the court explained its sentence with reference to all of Chambliss's post-incarceration

conduct—he was insolent, refused to obey an order, possessed a dangerous weapon and assaulted

someone without serious injury. Chambliss does not contest any of these findings, and it is clear that this order, whose only omission is a failure to identify the victim, did not affect the outcome of this § 3582(c) proceeding.

That leaves Chambliss's substantive-reasonableness claim—that the district court improperly re-sentenced Chambliss to a term "greater than necessary to abide by the policy statement in U.S.S.G. § 1B1.10 and goals outlined in 18 U.S.C. § 3553(a)." Chambliss Br. 1. This argument also fails, because *Booker* "unreasonableness review . . . does not apply to [§ 3582(c)] proceedings." *Bowers*, 2010 WL 3168260, at *10; *see Dillon*, 130 S. Ct. at 2692.

To the extent Chambliss means to argue that the district court abused its discretion, that also is without merit. Nothing in § 1B1.10 prevents sentencing courts from reducing a defendant's sentence to a term greater than the amended guideline range but lower than the original sentence. Beyond the resentencing floor, district courts have a considerable amount of discretion in § 3582(c) proceedings: They may choose to deny a defendant's § 3582(c)(2) motion entirely, *see* 18 U.S.C. § 3582(c)(2); *Dillon*, 130 S. Ct. at 2692, and they may determine by how much a defendant's sentence should be reduced, *see* U.S.S.G. § 1B1.10.

The record of the hearing also suggests that the court carefully considered Chambliss's position. The court held a hearing, which is not required, *United States v. Curry*, 606 F.3d 323, 330–31 (6th Cir. 2010), and it considered the positive steps Chambliss took during his incarceration, completing vocational programs and receiving favorable recommendations from prison supervisors.

At the same time, however, the court could not ignore the reality that Chambliss's disciplinary infractions while incarcerated weighed against him—Chambliss had incident reports for refusing to obey an order, possessing a dangerous weapon and assault without serious injury. Under these circumstances, we cannot say that the extent of the reduced sentence amounted to an abuse of discretion.

IV.

For these reasons, we affirm.