NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0776n.06

No. 09-4095

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 20, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DEMETRIUS LAMONT INGOL,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO

OPINION

BEFORE:  SUTTON and GRIFFIN, Circuit Judges; BERTELSMAN, District Judge.[*]

PER CURIAM:

Defendant Demetrius Lamont Ingol appeals from the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

Because the district court correctly determined that Ingol's sentence was based on the career offender guidelines rather than the crack cocaine guidelines, and that Ingol was thus ineligible for the sentence reduction, we AFFIRM.

I.

On October 17, 2001, Ingol pled guilty pursuant to a plea agreement to two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  [R. 15]

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The Presentence Report ("PSR") prepared in anticipation of Ingol's sentencing recounted that the parties had agreed that, due to Ingol's two prior state drug trafficking convictions, Ingol was a "career offender" pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1(B) and 4B1.2. The PSR thus placed Ingol's base offense level at 34, with a criminal history category of VI, rather than the lower level of 28 which would have attached under the crack cocaine guidelines. Reductions for acceptance of responsibility lowered the offense level to 31, and the PSR indicated that the government might recommend a further three-level reduction based on Ingol's substantial assistance to the government.

The district court sentenced Ingol on January 14, 2002. [R. 29] Neither the government nor Ingol objected to the PSR. [R. 29 at 2] The district court determined, based on Ingol's prior felony drug trafficking convictions, that Ingol was indeed a career offender, making his base offense level 34. [R. 29 at 3] The court further applied the three-level reduction for acceptance of responsibility, and it granted the government's § 5K1.1 motion for a three-level reduction based on Ingol's substantial assistance. [R. 29 at 3-4] These reductions brought Ingol's offense level to 28.

The district court then heard from Ingol's attorney, his pastor, and Ingol himself regarding his efforts to disengage from criminal activity. Having heard that testimony, the court reduced Ingol's criminal history category to IV, and it sentenced him to 126 months imprisonment. [R. 21]

On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, the effect of which was to lower by two levels the base offense levels for most crack cocaine offenses. These amendments were made retroactive as of March 3, 2008.

On July 29, 2009, Ingol filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on the crack cocaine amendments. [R. 30] By Memorandum Opinion and Order

dated August 24, 2009, the district court denied that motion, concluding that under Sixth Circuit authority, "Amendment 706 offers no relief to those defendants who have been sentenced as career offenders." [R. 32 at 5]

Ingol filed a timely notice of appeal on August 27, 2009. [R. 33]

II.

Although the parties have not questioned this court's jurisdiction, the court has "an independent obligation to police the bounds of [its] jurisdiction, even if it means doing so on [its] own initiative." *United States v. Chambliss*, No. 09-2056, 2010 WL 4102938, at *1 (6th Cir. Oct. 6, 2010) (unpublished) (citation omitted).

In *United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010), this court recently held, as a matter of first impression in this Circuit, that jurisdiction to hear an appeal from the denial of motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) arises, not under 28 U.S.C. § 1291, but under the more restrictive 18 U.S.C. § 3742. That latter statute authorizes the court to hear a defendant's appeal from an "otherwise final sentence" in only four situations: where the defendant argues that the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater that the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. *Bowers*, 615 F.3d at 718-19 (citing 18 U.S.C. § 3742(a)).

*Bowers* further considered what effect the United States Supreme Court's recent holding in *Dillon v. United States*, – U.S. –, 130 S. Ct. 2683 (2010), has on this court's § 3742 jurisdiction. In *Dillon*, the Supreme Court held that *United States v. Booker*, 543 U.S. 220 (2005), does not apply to sentence-reduction proceedings such as motions under 18 U.S.C. § 3582(c)(2). *Dillon*, 130 S. Ct.

at 2692. This court thus concluded in *Bowers* that "a defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *Bowers*, 615 F.3d at 727.

Here, Ingol argues that he is entitled as a matter of law to a reduction in his sentence based on application of the crack cocaine amendments. Although he cites *Booker* for the proposition that all guidelines provisions are now discretionary, he does not make an "unreasonableness" argument under *Booker*. We thus have jurisdiction under 18 U.S.C. § 3742(a)(1) to hear his appeal. *See United States v. Payton*, 617 F.3d 911, 913 n. 1 (6th Cir. 2010) (noting *Bowers* decision and exercising jurisdiction over appeal of denial of sentence reduction based on crack cocaine amendments, albeit without specifying which section of § 3742 applied).

### III.

"Generally, this Court reviews the denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) under the abuse-of-discretion standard." *Payton*, 617 F.3d at 912 (citing *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009)).

"If, however, as in this case, the district court did not exercise its discretion in denying the motion but instead concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible . . . is a question of law that is reviewed de novo." *Id.* at 913 (citation and internal quotations omitted). "The question becomes whether the district court lacked authority to modify the defendant's sentence, and de novo review is properly applied." *Id.*

The district court here determined that Ingol did not contest his designation as a career offender and that, under Sixth Circuit law applying § 3582(c)(2), he was ineligible for relief under

4

the crack cocaine amendments. [R. 32 at 5-6] Although the district court did not expressly state that it lacked authority to modify Ingol's sentence, such a finding is implicit in its reasoning. This court will thus apply the de novo standard of review.

IV.

"This Court has consistently held that a 'defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706.'" *Payton*, 617 F.3d at 914 (quoting *United States v. Bridgewater*, 606 F.3d 258, 260-61 (6th Cir. 2010)). *See also United States v. Meadows*, No. 09-4087, 2010 WL 3927306, at *2 (6th Cir. Sept. 21, 2010); *United States v. Sewell*, No. 09-3408, 2010 WL 2711269, at *3 (6th Cir. July 2, 2010); *United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009).

Ingol does not contest his designation as a career offender, nor does he argue that the designation is erroneous. And, in waiving oral argument, his counsel acknowledged the "dispositive" nature of *Perdue*. [Appellant's Brief at 1] Under the above authority, Ingol is thus ineligible for a sentence reduction under Amendment 706.

Ingol's remaining argument that the reductions in his offense level for acceptance of responsibility took him outside the career offender category has also been rejected by this Court. *Payton*, 617 F.3d at 913-14 (noting that offense-level reductions did not render defendant sentenced as career offender eligible for reduction under § 3582(c)(2)); *Meadows*, 2010 WL 3927306, at *2 (same); *Sewell*, 2010 WL 2711269, at *3 (same).

The district Court therefore correctly held that Ingol was ineligible for a sentence reduction under the crack cocaine amendments.

We AFFIRM.