NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0406n.06

No. 09-1716

**FILED**

**Jul 12, 2010**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff–Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| JEROME RAYBON, | ) | |
| | ) | |
| Defendant–Appellant. | ) | OPINION |
| | ) | |
| _____ | ) | |

**Before: GILMAN and COOK, Circuit Judges; and OLIVER, District Judge.**[*]

**PER CURIAM.** Jerome Raybon appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Raybon relies upon Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.). Amendment 706, together with Amendments 711 and 713, retroactively reduces by two points the base offense levels applicable to most crack-cocaine offenses. The court denied the motion, concluding that Raybon was ineligible for a sentence reduction because he was sentenced under the career-offender guideline rather than under the crack-cocaine guideline. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

_____

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

## I. BACKGROUND

Raybon pled guilty to the distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). At sentencing, the district court determined that he was accountable for 158.88 grams of crack cocaine, resulting in a base offense level of 34 under the November 2003 version of U.S.S.G. § 2D1.1(c)(3). Raybon then received a three-level reduction for acceptance of responsibility, which reduced his total offense level to 31. His criminal history category was V. Because of a prior drug conviction, Raybon faced a mandatory minimum term of imprisonment of 20 years, pursuant to 21 U.S.C. § 841(b)(1)(A).

Next, the district court concluded that Raybon was a career offender as defined by U.S.S.G. § 4B1.1(a). The court accordingly calculated his sentencing range using the career-offender guideline. His base offense level then became 37 and, with the three-level reduction for acceptance of responsibility, his total offense level was 34. In addition, his criminal history category was automatically set at VI. Raybon's corresponding Guidelines range was thus 262 to 327 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A. The court sentenced him within this range to 294 months of imprisonment.

## II. ANALYSIS

On appeal, Raybon argues that the district court erred in concluding that he was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). He reasons that Amendment 706 had the effect of lowering his applicable Guidelines range from 262 to 327 months down to 210 to 262 months. Raybon's argument, however, has been foreclosed by *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), where this court explained that "[a] district court may modify a defendant's sentence

only as provided by statute." *Id.* at 290. The statute upon which Raybon relies, 18 U.S.C. § 3582(c)(2), limits modification to sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Like the defendant in *Perdue*, Raybon is not entitled to a sentence reduction because he was sentenced based on a Guidelines range that remains unchanged. *See Perdue*, 572 F.3d at 292-93. His sentence was in fact based on the career-offender guideline, U.S.S.G. § 4B1.1, which was not affected by Amendment 706. *See id.* at 293. The fact that the district court reduced his offense level for acceptance of responsibility does not change this result. In *Perdue*, the defendant received both a three-level reduction for acceptance of responsibility and a five-level downward departure for substantial assistance to the government, yet nevertheless was ineligible for a reduction under Amendment 706 because his offense level was still "based on" the career-offender guideline. *Id.* at 290, 292-93. *Perdue* is therefore directly on point and forecloses Raybon's argument. Raybon concedes as much in his brief, stating that he is aware of *Perdue*, "but wishes to preserve this issue in the event that relief is afforded to him by statute or otherwise in the future."

In addition, Raybon contends that "[al]though his relief might normally be limited by the floor established by the mandatory minimum, this floor was waived by the Court's sentence below the mandatory minimum pursuant to the government's motion for substantial assistance." But this argument is not supported by the record, there being no evidence that the government moved for a reduction in Raybon's sentence due to any purported substantial assistance. And his sentence of 294 months of imprisonment is in fact *above* the statutory mandatory minimum of 240 months of imprisonment. In any event, this argument is also foreclosed by *Perdue*. *See United States v.*

*Provitt*, 355 F. App'x 22, 23 (6th Cir. 2009) (citing *Perdue* and noting that a defendant's offense-

level reductions "did not render [his] career-offender designation inapplicable").

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.