File Name: 10a0744n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-2373

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DELANO D. SANDERS,

Defendant-Appellant.

_____/

**FILED**

**Nov 30, 2010**

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Before:      MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Defendant-appellant Delano D. Sanders appeals

the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) in the

aftermath of the United States Sentencing Commission's decision to lower the Sentencing

Guidelines range for crack cocaine offenses.  Because the career offender Guidelines rather than the

crack cocaine Guidelines controlled Sanders' original sentence, the district court correctly concluded

that he is not eligible for a sentence reduction pursuant to section 3582(c)(2).  We therefore

**AFFIRM** the judgment of the district court.

**I. BACKGROUND**

On May 20, 1999, Sanders pled guilty pursuant to a plea agreement to distribution of crack

cocaine, 21 U.S.C. § 841(a)(1).  Sanders' adjusted offense level was thirty-three and his criminal

history category was VI, yielding a Guidelines range of nineteen years and seven months to twenty-four years and ten months. However, Sanders was sentenced as a career offender, which elevated his offense level to thirty-seven. After the application of a three-point reduction for acceptance of responsibility, Sanders' offense level was thirty-four, yielding a Guidelines range of twenty-one years and ten months to twenty-seven years and three months. On September 7, the district court sentenced Sanders to twenty-two years' imprisonment. On April 9, 2001, the district court reduced Sanders' sentence by thirty-five per cent to fourteen years and three months following a motion for reduction of sentence by the Government pursuant to Rule 35.

On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, reducing the offense level for cocaine-base offenses. *See* U.S.S.G. supp. to app. C, amend. 706. On March 3, 2008, the Commission made Amendment 706 retroactive. *See* U.S.S.G. supp. to app. C, amend. 713. On April 27, 2009, Sanders filed a motion for reduction of sentence pursuant to section 3582(c)(2). On October 16, the district court denied the motion due to Sanders' status as a career offender. Sanders appeals.

## II. ANALYSIS

Sanders claims that the district court erred when it concluded that he was ineligible for a sentence reduction pursuant to section 3582(c)(2). This Court reviews *de novo* a district court's conclusions about the scope of its legal authority under section 3582(c)(2). *See United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

A district court may modify a defendant's sentence only as authorized by statute. *See United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). When a court sentences a defendant "based

on a sentencing range that has subsequently been lowered by the Sentencing Commission," it may reduce the sentence if that "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A Sentencing Commission policy statement provides that a modification of a sentence is not authorized if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

Here, the district court originally sentenced Sanders "based on" the career offender Guideline range rather than the crack cocaine Guideline range. See *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010). In *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009), we held that "a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." Furthermore, Amendment 706 does not have the effect of lowering Sanders' applicable Guidelines range because even if it had been in place when he was sentenced, then the higher career offender offense level still would have been used to determine the applicable Guidelines range. *See* U.S.S.G. § 4B1.1.

Sanders argues that after *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Commission policy statements are advisory and do not inhibit a court from granting the relief that he seeks. However, *Perdue* rejected a *Booker* challenge to the constitutionality of section 1B1.10. *Perdue*, 572 F.3d at 292. Furthermore, the Supreme Court recently held that *Booker* does not apply to section 3582(c)(2) sentence reductions. *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

### III. CONCLUSION

The district court correctly concluded that Sanders is ineligible for a sentence reduction pursuant to section 3582(c)(2) because his sentence was based on the career offender Guideline

range rather than the crack cocaine Guideline range. We therefore **AFFIRM** the decision of the

district court.