NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0250n.06

No. 10-3199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 20, 2011

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR
DEON RAY,                                    )    THE NORTHERN DISTRICT OF
                                             )    OHIO
        Defendant-Appellant.                 )
                                             )
                                             )

Before: MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   In May 2007, Deon Ray pled guilty to distributing or

possessing with intent to distribute cocaine and crack cocaine, unlawfully transporting firearms, and

being a felon in possession of a firearm. *See* 18 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 922(g)(1).

The district court sentenced Ray under U.S. Sentencing Guidelines § 2D1.1.  The court applied a

two-level upward departure for firearm possession, a three-level downward departure for acceptance

of responsibility, and a two-level downward departure for substantial assistance.  This yielded a

recommended guidelines range of 92 to 115 months.  The court sentenced Ray to 115 months'

imprisonment.

The Sentencing Commission thereafter retroactively amended § 2D1.1, reducing the base

offense levels for crack-cocaine offenses.  Ray moved to reduce his sentence under 18 U.S.C.

§ 3582(c)(2), which provides that district court judges "may reduce the term of imprisonment" for defendants who were sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements." The government responded by arguing—despite clear evidence to the contrary—that Ray had been sentenced as a career offender under U.S.S.G. § 4B1.1 and was thus ineligible for sentence modification. *See United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009). The district court issued a form order denying Ray's § 3582 motion with almost no explanation.

On appeal, Ray's appointed counsel inexplicably concedes that Ray was sentenced as a career offender. He argues that Ray nonetheless qualifies for a sentence reduction because *United States v. Booker*, 543 U.S. 220 (2005), rendered all the sentencing guidelines advisory. Not only does this argument fail under *Perdue* and *Dillon v. United States*, 130 S. Ct. 2683 (2010), but it is contradicted by the record: the district court, the government, and defense counsel all agreed at the sentencing hearing that Ray did not qualify as a career offender.

District courts have discretion to grant or deny § 3582 motions after conducting a two-step inquiry. First, the court must determine the defendant's eligibility for a sentence reduction and the extent of the reduction authorized by U.S.S.G. § 1B1.10. *Dillon*, 130 S. Ct. at 2691. Second, if the defendant is eligible, the court must consider the factors listed in 18 U.S.C. § 3553(a) and determine whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *See id.* at 2692. We conduct de novo review if the district court finds the defendant ineligible under step one of the inquiry. *See United States v. Payton*, 617 F.3d 911, 913 (6th Cir. 2010). Otherwise, we review the district court's denial of a § 3582 motion for an abuse of discretion. *See id.* at 912.

Here, we have no information on the district court's reasons for denying Ray's motion. In its form order, the court merely checked the "denied" box, filled in Ray's original sentencing information, and stated that the "order is subject to [the] prohibition contained in USSG Sec. 1B1.10(b)(2)(C)"—a provision that does not seem relevant here. It is thus unclear whether the district court found Ray ineligible for a reduction or whether it denied the motion as an exercise of discretion after considering § 3553(a) factors. We therefore reverse the district court's order and remand for reconsideration and clarification.